**Herbert Edward HOYT, Jr.,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 73-2435.

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 1974.

Rehearing Denied Dec. 27, 1974.

William G. Whatley, Baton Rouge, La., for petitioner-appellant.

Douglas M. Gonzales, U. S. Atty., Baton Rouge, La., Mary William Cazalas, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before RIVES, WISDOM and MORGAN, Circuit Judges.

PER CURIAM:

Herbert Edward Hoyt, Jr., after a jury trial in 1971, was found guilty of kidnapping, in violation of 18 U.S.C. § 1201(a), and sentenced by the District Court of the Eastern District of Louisiana to a term of twenty (20) years imprisonment. At the time of sentencing appellant was eighteen (18) years of age and was eligible for sentencing under the terms of the Federal Youth Corrections Act of 1950, 18 U.S.C. § 5005, et seq. This action under 28 U.S.C. § 2255 was filed in the United States District Court for the Middle District of Louisiana,[1] and applicant, by later motion, seeks removal to the Eastern District of Louisiana.

---

1. Applicant Hoyt was tried, convicted and sentenced by the District Court for the Eastern District of Louisiana. Since the date of sentencing, July 2, 1971, a new district, the Middle District of Louisiana, has been created, and the Baton Rouge Division is now a part of the newly created district.

The main thrust of argument by Hoyt on this appeal is that the District Court erred in failing to make an explicit finding that appellant Hoyt would not benefit from treatment under the Federal Youth Corrections Act, Section 5010(d). We have carefully reviewed the record of the sentencing and find that, although counsel for defendant at the time of the sentencing called the attention of the Court to the tender age of the defendant, neither the defendant's counsel nor the District Court suggested in the record that the Federal Youth Corrections Act be considered at the time of sentencing.[2]

 We think that the case at hand is controlled by the recent Supreme Court decision of Dorszynski v. United States, 1974, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855, which holds that 18 U.S.C. § 5010(d) requires an explicit finding of "no benefit" as a condition precedent to sentencing an eligible offender as an adult. Chief Justice Burger in *Dorszynski* held:

"Literal compliance with the Act can be satisfied by any expression that makes clear the sentencing judge consider the alternative of sentencing under the Act and decided that the youth offender would not derive benefit from treatment under the Act.

"This case provides an example of the problems arising when the required finding is left to implication. Counsels' references to the Act followed by the District Court's sentence indeed afford support for the argument that by implication, the options of the Act were considered and rejected. However at the post-conviction hearing the District Court found from the record of the sentencing hearing the implication that the Act was 'not applicable.' It is thus unclear whether this meant the court believed petitioner to be legally ineligible for treatment under the Act—which would be error—or whether, realizing he was eligible, nevertheless deliberately opted to sentence him as an adult. An explicit finding that petitioner would not have benefited from treatment under the Act would have removed all doubt concerning whether the enlarged discretion Congress provided to sentencing courts was indeed exercised."

418 U.S. 444, 94 S.Ct. 3053.

■■ As to the appellant's other assertions of error, we find there is no merit in the contention that the District Court erred in denying the motion to transfer the action from the Middle District to the Eastern District of Louisiana or that there was error in denying a hearing.

Accordingly, the sentence of the District Court is hereby vacated and the case is remanded to the District Court to conduct further proceedings consistent with this opinion.

Vacated and remanded.

---

2. Immediately prior to sentencing, the Court stated:
"I think that you have a long time before you can be considered fit to be in a free society. I think that possibly the Federal authorities might have some provisions whereby they can offer you training and maybe convince you that there is a better way than the way you have apparently chosen."