**Carl ROBINSON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 76–1448

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1976.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Cas. Co.*, 5 Cir. 1970, 431 F.2d 409. Part I.

**1110**

Carl Robinson, pro se.

Robert E. Hauberg, U.S. Atty., Daniel E. Lynn, E. Donald Strange, Asst. U.S. Attys., Jackson, Miss., for respondent-appellee.

Before COLEMAN, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

This appeal from the denial of appellant's habeas petition presents a question of compliance with the requirement of *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), that before sentencing a young offender as an adult the sentencing judge must make an explicit finding that there would be no benefit to sentencing under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. *Dorszynski* was applied retroactively in this circuit in *Hoyt v. United States,* 502 F.2d 562 (5th Cir. 1974), and so governs the sentencing of this appellant.

Appellant's motion for reduction of sentence, Fed.R.Crim.P. 35, was denied in November 1974. He then brought a motion to vacate his sentence under 28 U.S.C. § 2255, asserting once again that because *Dorszynski* was not complied with by the sentencing judge his sentence must be vacated.

▆▆▆ In the circumstances of this case, we determine to follow the course suggested by the dissent in *Sappington v. U. S.,* 518

F.2d 28 (8th Cir. 1975), which concluded that a finding of no benefit at the time of denial of the habeas petition was sufficient compliance with *Dorszynski.* Once the sentencing judge has "reconsidered" the alternative sentencing in connection with a § 2255 petition and has rejected the possibility of benefits under the F.Y.C.A., it is a futile gesture on appeal from denial of the motion to vacate the sentence and return to the same judge to make the same determination. *Dorszynski* does not stipulate *when* the explicit finding of no benefit must be made:

> "Once it is made clear that the sentencing judge has considered the option of treatment under the Act and rejected it, however, no appellate review is warranted." 418 U.S. at 443, 94 S.Ct. at 3053.

Here when the sentencing judge, also the judge reviewing the § 2255 petition, has clearly considered the option of F.Y.C.A. sentencing—indeed has done so not once but twice—we deem an affirmance to be within the spirit of *Dorszynski* and a remand an empty formality.

AFFIRMED.

▆▆▆▆▆▆▆▆▆

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Cas. Co.,* 5 Cir., 1970, 431 F.2d 409, Part I.