**Algie J. WALLS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 75–4038**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 20, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Algie J. Walls, pro se.

Ronald L. Knight, U. S. Atty., John D. Carey, Asst. U. S. Atty., Macon, Ga., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Defendant Algie J. Walls appeals from the denial by the district court of his motion to vacate sentence pursuant to 28 U.S.C. § 2255 (1970), arguing that his sentencing court's failure to make affirmative findings of fact that he would not benefit from treatment under the Youth Corrections Act, 18 U.S.C. § 5005 et seq. (1970),[1] invalidated his sentence.

■■■ Appellant pled guilty to a violation of 18 U.S.C. § 2113(d) (1970) (bank robbery coupled with assault with a dangerous weapon) and received a twenty-year sentence. He was under 21 years old at the time and subject to the special sentencing provisions of the Youth Corrections Act. The trial court explicitly stated, "The defendant is a Youth Offender and will not derive benefit from treatment under subsection (b) or (c) or section 5010, Title 18, U.S.C.A. . . ." Defendant argues that because the trial court did not include supporting reasons for his finding of "no benefit," we should vacate his sentence and re-

mand for resentencing by the district court. We decline to do so on the authority of *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). *Dorszynski* held that before sentencing a youth offender as an adult the sentencing judge must make a finding that there would be no benefit to sentencing under the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq. (1970). 418 U.S. at 444, 94 S.Ct. 3042. In so doing, the Court rejected a requirement that trial judges state reasons supporting their "no benefit" finding, holding that requirement too intrusive upon the trial court's sentencing discretion. Although the defendant was sentenced eight months prior to *Dorszynski,* this circuit applied *Dorszynski* retroactively in *Hoyt v. United States,* 502 F.2d 562 (5th Cir. 1974).[2] Accordingly, the trial judge's explicit finding that the defendant would not benefit from sentencing under the Youth Corrections Act clearly complies with *Dorszynski.* He did not err in not providing supporting reasons for his decision.

AFFIRMED.

---

1. Under the Youth Corrections Act, a federal trial judge may provide a youthful offender with rehabilitative treatment rather than retributive punishment. *See United States v. Dover,* 489 F.2d 688, 689 (5th Cir. 1974).

2. In *United States v. James,* 528 F.2d 999, 1023 (5th Cir. 1976), we suggested that *Hoyt* did not decide the question of retroactivity of *Dorszynski.* In *Robinson v. United States,* 536 F.2d 1109 [(5th Cir., Aug. 13, 1976)], we stated, and reaffirm today, that *Hoyt* applied *Dorszynski* retroactively. 536 F.2d at 1110.