Arthur W. TIFFORD,
Petitioner-Appellee,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent-Appellant.

No. 78–1741.

United States Court of Appeals,
Fifth Circuit.

March 28, 1979.

Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellant.

Robert L. Achor, Lawrence R. Metsch, Stanley A. Beiley, Shelby Highsmith, Miami, Fla., for petitioner-appellee.

ON PETITION FOR REHEARING

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

In *Tifford v. Wainwright,* 588 F.2d 954 (5th Cir. 1979), this court upheld the issuance of a writ of habeas corpus on the ground that State of Florida's refusal to grant Tifford's motion for severance made his trial fundamentally unfair. The Florida Court of Appeal had previously resolved the severance issue in the favor of the State. *Tifford v. State,* 334 So.2d 91 (Fla.App. 1976). The State had, in its original briefs before the district court and this court, taken the position that the Florida Court of

Appeal's disposition was limited solely to issues of state law. In its petition for rehearing, the State changes its stance and argues for the first time that, since the Florida Court resolved the federal constitutional issue adversely to Tifford, this determination is now binding on the federal courts.

 Arguments not made to the district court will not be considered on appeal except "where the interest of substantial justice is at stake." *Response of Carolina, Inc. v. Leasco Response, Inc.,* 537 F.2d 1307 (5th Cir. 1976) (quoting *Edwards v. Sears, Roebuck and Co., Inc.,* 512 F.2d 276, 286 (5th Cir. 1975)). The State's argument here clearly does not fall within this exception. The issue tendered is technical, not substantial. The new contentions are not based on any new developments in the law or on any newly unearthed facts.

Moreover, even if the State's argument had been timely made, the issue raised would be without merit. The statute establishing appellate procedures in state habeas cases, 28 U.S.C. § 2254, provides in part:

> In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—
>
> \* \* \* \* \* \*
>
> or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support

such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record.

28 U.S.C. § 2254(d)(8). After reviewing the state record here, we find that the state court's resolution on the severance issue was not fairly supported by that record.

The petition for rehearing is

DENIED.