**MARTIN OIL COMPANY,**
Plaintiff-Appellee,

v.

**GULF INSURANCE COMPANY,**
Defendant-Appellant,

**Ranger Insurance Company,**
Defendant-Appellee.

No. 78–3703
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1979.

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Jerry O. Lorant, Birmingham, Ala., for defendant-appellant.

Donald L. Collins, Gadsden, Ala., for plaintiff-appellee.

Clarence H. Simmons, Jr., Tony S. Hebson, Gadsden, Ala., for Ranger Ins. Co.

Before CLARK, GEE and JOHNSON, FRANK M., Jr., Circuit Judges.

PER CURIAM:

The Martin Oil Company (Martin) is a wholesaler and retailer of oil and gasoline products in Gadsden, Alabama. In 1973 Martin procured an insurance policy from the Gulf Insurance Company (Gulf) providing comprehensive general liability coverage for its retail and wholesale operations. Due to an agreement which it was negotiating with Union Oil Company, Martin required contractual liability coverage which Gulf could not provide. Martin obtained this additional coverage from the Ranger Insurance Company (Ranger) in 1976. The policy issued by Ranger, however, was not limited to coverage of Martin's potential contractual liability to Union Oil; it also provided comprehensive general liability coverage. On the same day that the Ranger policy was issued, the Gulf policy was amended to delete coverage of Martin's wholesale operations. As issued, the Ranger policy excluded claims arising at premises described as "[a]ll service stations owned and operated and leased to others."

As part of its retail operations, Martin sells gasoline at a service station located on the outskirts of Gadsden. Martin leases the station from a third party, and supplies the gasoline sold by it. The person who actually sells the gasoline marketed at the station has an oral agreement with Martin to pay him three cents per gallon of gasoline sold. While one of Martin's gasoline trucks was unloading gasoline into an above-ground tank at the service station an explosion and fire occurred which killed three persons, injured many others, caused extensive property damage, and led to a host of claims being filed against Martin.

In this action against Gulf, Martin alleged that Gulf breached its policy contract by refusing to defend against the claims. The action also sought to ascertain the extent to which Gulf's policy applied to the claims arising out of the service station explosion. Gulf filed a third party complaint against Ranger, claiming that the policy issued by Ranger to Martin obligated it to pay part or all of any sums for which Gulf might be found liable to Martin.[1] Martin amended its complaint to include Ranger as a defendant. After the district court granted Ranger's motion to dismiss Gulf's third party complaint against it, Gulf filed an amended answer admitting that it had a duty to defend Martin against the claims arising out of the accident, but contending that the policy issued by Ranger imposed a similar obligation upon Ranger. Gulf and Ranger both filed motions for summary judgment. The district court granted Ranger's motion, finding that the exclusion included in the Ranger policy applied to the retail operation of the service station at which the accident had occurred. We affirm.

On this appeal, Gulf asserts that the court's interpretation of the language of the exclusionary clause was erroneous and that the exclusion, even as misinterpreted by the court, did not apply to the service

1. A third policy, also issued by Ranger to Martin but unrelated to the comprehensive general liability policy at issue on this appeal, provided coverage to Martin for the claims resulting from the operation of its motor vehicles.

Ranger did not dispute its liability under this policy for the claims arising out of the accident which were attributable to Martin's gasoline truck which was unloading the gasoline that exploded.

station in question. Ranger responds that for two reasons Gulf does not have standing to appeal the judgment entered by the court in Ranger's favor. First, Gulf failed to appeal the dismissal of its third party complaint against Ranger. Second, Gulf was not a party to Ranger's summary judgment against Martin. Ranger also asserts that the district court correctly interpreted and applied the exclusionary clause in its policy.

■ Gulf's failure to appeal the order of the district court dismissing its third party complaint against Ranger does not affect Gulf's standing to pursue this appeal. That dismissal did not adjudicate all of the claims or the rights and liabilities of all of the parties and was not a final order. *See* Fed.R.Civ.P. 54(b). Gulf remained a co-defendant in Martin's amended action against Ranger. Gulf asserted as a defense that the obligations sought to be imposed upon it by Martin should be shared by Ranger under Ranger's policy. Since the grant of summary judgment to Ranger necessarily negated this defense Gulf had standing to appeal.

■ The comprehensive general liability policy issued by Ranger excludes from coverage any claim for bodily injury or property damage resulting from events occurring at those premises of Martin's described as "[a]ll service stations owned and operated and leased to others." The district court concluded that if the language of the clause were read literally, as advocated by Gulf, it would exclude only stations having all three characteristics, and therefore, only an impossible combination of circumstances would activate the exclusion since a station which was owned and operated by the insured could not also be leased to others. To accord with the intentions of the parties as shown by the circumstances surrounding the issuance of the Ranger policy, the court interpreted the exclusionary clause to apply to service stations which Martin either owned, operated, or leased to others. The district court correctly rejected Gulf's attempts to impose an artificial meaning upon the exclusionary clause which would have violated common sense.

Martin obtained the Ranger policy to provide additional coverage not available from Gulf. On the same day that Ranger issued its policy, the Gulf policy was amended to exclude coverage of Martin's wholesale operations. The Ranger policy extended coverage to these operations. The Gulf policy continued to cover the service stations comprising Martin's retail operations. The circumstances surrounding the issuance of the Ranger policy confirm that the court's interpretation of Ranger's exclusionary clause clearly accorded with the intentions of the parties.

■ The pleadings filed by Gulf and the district court's memorandum opinion reflect that Gulf took the position before the district court that Martin operated the service station which was the situs of the explosion. Gulf asserts an inconsistent position on this appeal. Issues which a party does not raise before the district court will not be considered for the first time on appeal in the absence of a miscarriage of justice. *John Hancock Mut. Life Ins. Co. v. Sutton,* 585 F.2d 1289, 1295 (5th Cir. 1978); *Commercial Credit Business Loans, Inc. v. St. Louis Terminal Field Warehouse Co.,* 514 F.2d 75, 77 (5th Cir. 1975); *Excavators and Erectors, Inc. v. Bullard Engineers, Inc.,* 489 F.2d 318 (5th Cir. 1973). Had Gulf made an issue of who operated the service station in the district court, the parties could have presented evidence to show the degree of control exercised by Martin over the operation of the service station. *See Higginbotham v. Ford Motor Co.,* 540 F.2d 762, 768 n.10 (5th Cir. 1976). Gulf's belated attempt to raise the issue here comes too late.

The grant of summary judgment to Ranger was correct since the Ranger policy excluded coverage of any service station operated by Martin.

AFFIRMED.