Ronald E. STUCKEY,
Petitioner-Appellant,

v.

Leroy STYNCHCOMBE, Sheriff, Fulton County, Georgia, et al.,
Respondents-Appellees.

No. 79–2489
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 20, 1980.

Rehearing Denied May 8, 1980.

Eric Welch, Atlanta, Ga., for petitioner-appellant.

Joseph J. Drolet, Asst. Dist. Atty., Atlanta, Ga., for respondents-appellees.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This appeal from a denial of a habeas corpus petition challenges the validity of an action taken by a Georgia trial court to correct an illegal sentence. Ronald E. Stuckey pleaded guilty in the Superior Court of Fulton County, Georgia, to armed robbery and aggravated assault. He was given a five year probated sentence, with the condition that he spend weekends in jail for the first six months of his sentence. The State challenged the sentence and the Georgia Court of Appeals held that the sentence was void because it was below the statutory minimum. *See Ga.Code* § 26–1902, as amended by *Ga.L.*1976.[1] The Geor-

---

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

1. (a) . . . A person convicted of armed robbery shall be punished by death or impris-

gia Supreme Court denied certiorari. When the case was returned to the Fulton Superior Court, the trial court gave petitioner the opportunity to withdraw his guilty plea. Stuckey again pleaded guilty to the offense of armed robbery and the trial court sentenced him to eight years of imprisonment. Stuckey filed a petition for writ of habeas corpus in federal district court in the Northern District of Georgia, challenging the imposition of the new sentence. The district court denied the petition. We affirm.

On appeal, Stuckey argues: (1) that the double jeopardy clause prohibits an increased sentence once a prisoner has begun serving his term; (2) that the trial court illegally increased the sentence on the basis of a subsequent, unrelated conviction; (3) that the State had no right to appeal the sentence but, if it did have such a right, the State waived any right it had by failing to object at the time of sentencing; and (4) that he is entitled to an evidentiary hearing based on his due process claim that the State selectively appealed his conviction.

■ Petitioner's first contention, that the principles of double jeopardy prohibit increasing a prisoner's sentence once the prisoner has begun serving his first sentence, has no merit. Stuckey admits, in brief, that his sentence was illegal under Georgia law. It has been repeatedly held that resentencing a prisoner to correct an illegal sentence does not implicate double jeopardy rights, even if the prisoner has already served part of his term. See, e. g., Bozza v. United States, 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947); United States v. Denson, 603 F.2d 1143, 1148 (5th Cir. 1979) (en banc); Llerena v. United States, 508 F.2d 78, 80–81 (5th Cir. 1975); Caille v. United States, 487 F.2d 614, 615 (5th Cir. 1973). Stuckey also argues

that the trial court may have actually intended to convict him of simple robbery, a lesser included offense. This contention is totally unsupported by the record.

■ Petitioner's second contention is likewise meritless. He argues that the increased sentence is prohibited under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In Pearce, the Supreme Court held that neither the double jeopardy clause nor the Equal Protection Clause bars imposition of a more severe sentence upon reconviction of a defendant whose original conviction has been set aside on appeal. The imposition of a heavier sentence, however, to punish the defendant for having successfully appealed his first conviction would be a denial of due process. Id. at 725, 89 S.Ct. at 2080. Therefore, the Court held, "[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant ocurring after the time of the original sentencing proceeding." Id. at 726, 89 S.Ct. at 2081. Thus, under Pearce (even though there was no reconviction in this case), the trial court may consider a subsequent conviction in resentencing a defendant whose original sentence has been declared void. See Burton v. Goodlett, 480 F.2d 983, 986–87 (5th Cir. 1973).

■ We need not consider Stuckey's third contention, that the State waived any right to appeal under Georgia law. This contention is a matter of Georgia's interpretation of its own laws and does not raise a federal constitutional claim cognizable in habeas corpus. See Skipper v. Wainwright, 598 F.2d 425 (5th Cir. 1979) (per curiam).

onment for life, or by imprisonment for not less than five nor more than 20 years: Provided, however, that for a second or subsequent such offense, such defendant shall be punished by imprisonment for not less than 10 years.

The preceding provisions of this section notwithstanding, in any case in which the defendant committed armed robbery and in the course of the commission of such offense intentionally, with an offense weapon, inflicted serious bodily

injury on a person, such fact shall be charged in the indictment or information, and if found to be true by the court or if admitted by the defendant, the defendant shall be punished by imprisonment for not less than 10 years.

(b) Adjudication of guilty or imposition of sentence shall not be suspended, probated, deferred or withheld for any offense punishable under subsection (a) of this section.

Petitioner's final contention, that the State selectively appealed his sentence, is frivolous. Moreover, this issue was not raised before the district court and will not be considered for the first time on appeal absent a miscarriage of justice. *See Martin Oil Co. v. Gulf Insurance Co.,* 605 F.2d 197, 199 (5th Cir. 1979). Accordingly, the ruling of the district court is

AFFIRMED.