Roy Soto PUENTE, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 81–2311
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 17, 1982.

Roy Soto Puente, pro se.

Anna E. Stool, Asst. U. S. Atty., Houston, Tex., for defendant-appellee.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Petitioner Roy Soto Puente appeals the district court's denial of a writ of error coram nobis attacking his 1968 sentence. For the reasons stated below, we reverse and remand for resentencing.

Puente pled guilty on September 18, 1968 to a charge of unlawful purchase of narcotics. On October 4 he was sentenced to five years confinement; he was paroled on June 29, 1970 and completed parole on September 23, 1973. Puente was twenty years old at the time of sentencing and eligible for special treatment under the Federal Youth Corrections Act, 18 U.S.C. § 5005 *et seq.* He claims that the sentencing judge, District Judge Ben C. Connally, did not make the required finding that Puente would derive no benefit from treatment under the Youth Corrections Act instead of serving a normal prison sentence. *See* 18 U.S.C. § 5010(d). Puente argues that the trial judge's failure to consider Youth Corrections Act treatment continues to handicap him seriously in employment opportunities and in a pending state criminal case. This is because a person committed under the Act is entitled to automatic expungement of his conviction once unconditionally discharged. 18 U.S.C. § 5021.

Six years after Puente's conviction, the Supreme Court decided in *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 85 (1974), that a sentencing judge must make an explicit finding of "no benefit" before a youth offender eligible for treatment under the Youth Corrections Act may be sentenced as an adult. The purpose of the "no benefit" finding is to make sure that the sentencing judge is aware of the Act and the fact that the youth offender is eligible for treatment under it. The judge need not give his reasons for rejecting this remedial avenue; if he has made clear by an explicit "no benefit" finding that the Act has been considered, no appellate review is warranted. *Id.* at 443, 94 S.Ct. at 3052.

In the present case both Puente and the Government agree that no explicit "no benefit" finding was made at the sentencing hearing on October 4, 1968. Judge Connally, the sentencing judge, is now deceased. The district court in the present case exam-

ined the case file in Puente's conviction and discovered a handwritten letter from Puente dated October 19, 1968, addressed to Judge Connally. In the letter Puente specifically asked the Judge to modify the October 4 sentence and consider treatment under the Youth Corrections Act. The letter added:

> My sentence of five years on the taxation of heroin would not clear my record. The Youth Correctional Act is supposedly meant for that purpose. The clearance of my record is of great importance in obtaining future employment ... I only hope that you and your staff will consider the modifying of my sentence ...

The file also contained a copy of a letter dated November 25, 1968, addressed to petitioner at the federal penitentiary in El Reno, Oklahoma. This letter was written by Judge Connally's law clerk and read as follows:

> Dear Sir:
>
> Judge Connally has asked me to acknowledge your recent letter.
>
> In reply I am asked to say that all the circumstances surrounding your case were given careful consideration before sentence was imposed, and the Court is not inclined to modify same.

The circuits are split as to whether *Dorszynski*'s requirement of an explicit "no benefit" finding is retroactive, *see Lawary v. United States*, 599 F.2d 218, 225 (7th Cir. 1979); this circuit's position is that *Dorszynski* is retroactive. *Walls v. United States*, 544 F.2d 236 (5th Cir. 1976); *Robinson v. United States*, 536 F.2d 1109 (5th Cir. 1976); *Hoyt v. United States*, 502 F.2d 562 (5th Cir. 1974). *Robinson* makes clear however, that a post-facto determination of "no benefit" by the sentencing judge when he reviews the sentence in a petition for habeas relief is sufficient for the purposes of *Dorszynski.* 536 F.2d at 1110.

The district court recognized that *Dorszynski* applied retroactively to this case. Nevertheless, the district court held that an explicit "no benefit" finding was not necessary because the law clerk's letter made clear that Judge Connally had considered the treatment provisions of the Act and had rejected them in the circumstances of Puente's case. Thus the court held that the spirit of *Dorszynski* had been complied

with, and accordingly denied coram nobis relief on that ground.

In response to the district court's argument we need only recite the language of the Supreme Court itself in *Dorszynski*:

> The question whether the finding of "no benefit" must be explicit or whether it may be implicit in the record of a particular case is answered by the manifest desire of Congress to assure that treatment under the Act be considered by the court as one option whenever the youth offender is eligible for it. If the finding may be implied from the record, appellate courts must go on to determine what constitutes a sufficient showing of the requisite implication. To hold that a "no benefit" finding is implicit each time a sentence under the Act is not chosen would render § 5010(d) nugatory; to hold that something more is necessary to support the inference that must be found in the record would create an *ad hoc* rule. Appellate courts should not be subject to the burden of case-by-case examination of the record to make sure that the sentencing judge considered the treatment option made available by the Act. Literal compliance with the Act can be satisfied by any expression that makes clear the sentencing judge considered the alternative of sentencing under the Act and decided that the youth offender would not derive benefit from treatment under the Act.

This case provides an example of the problems arising when the required finding is left to implication. Counsel's references to the Act followed by the District Court's sentence indeed afford support for the argument that, by implication, the options of the Act were considered and rejected. However at the post-conviction hearing the District Court found from the record of the sentencing hearing the implication that the Act was "not applicable." It is thus unclear whether this meant the court believed petitioner to be legally ineligible for treatment under the Act—which would be error—or whether, realizing he was eligible, nevertheless deliberately opted to sentence him as an adult. An explicit finding that petitioner would not have benefited from treatment under the Act would have removed all

doubt concerning whether the enlarged discretion Congress provided to sentencing courts was indeed exercised.

418 U.S. at 443–444, 94 S.Ct. at 3052–3053. The law clerk's letter does not tell us whether Judge Connally felt no benefit would be derived from treatment or believed that Puente was not eligible. It is consistent with both possibilities. Thus, while we can sympathize with the district court's construction of *Dorszynski* we cannot agree with it for the reasons stated in the Supreme Court's opinion. Deciphering the nuances of phrasing in the law clerk's letter to Puente (a letter not even written by the judge himself) is exactly the sort of enterprise we are not supposed to be engaged in.

■■■ This circuit, for better or worse, has decided that *Dorszynski* shall apply retroactively, whether the issue is raised on direct appeal of the conviction or on a petition for post-conviction collateral relief. *Compare Robinson* and *Hoyt, supra, with Lawary, supra* (rejecting retroactivity in all cases), and *United States v. Brackett*, 567 F.2d 501 (D.C.Cir.1977) (en banc), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58 (1978) (applying *Dorszynski* retroactively in cases of pending direct appeals but not in cases of collateral attack). We may question the wisdom of resentencing for a conviction thirteen years past,[1] but we are bound by the decisions of prior panels. The sentencing judge is now dead and thus cannot be consulted for a *Robinson*-style post-hoc finding of no benefit based on his recollection of events. But the fortuity of the sentencing judge's being alive or dead cannot affect the petitioner's substantive rights in this case. If a remand for resentencing is required in one case it is required in the other. Fortunately, the Supreme Court in *Dorszynski* has given the district

courts some guidance in cases where the original sentence has been fully served:

> Although by now petitioner may have fully served his sentence, including probation, he still suffers the disabilities accompanying a criminal misdemeanor conviction under 21 U.S.C. § 844(a). While the provision under which he was sentenced to probation, 18 U.S.C. § 3651, does not provide for relief from these disabilities, the Act does so in 18 U.S.C. § 5021, by its provision for setting aside the conviction of a youth offender:
>
> "(a) Upon the unconditional discharge by the division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the division shall issue to the youth offender a certificate to that effect.
>
> "(b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect."

■■■ Despite the expiration of petitioner's sentence, then, he may still receive the benefit of 18 U.S.C. § 5021 if he is resentenced under the Act. To be eligible to have his conviction set aside under the Act, petitioner would have to be committed under § 5010(b) or (c), or placed on probation under § 5010(a), and achieve the early discharge required by § 5021(a) or (b). While this might require the imposition of a longer sentence than he originally received, petitioner represents through counsel that he would voluntarily seek resentencing which would place him back on probation. Tr. of

---

1. As the Circuit Court for the District of Columbia has put it:

> With respect to the effect upon the administration of justice, there are obvious problems in deciding anew the delicate question of susceptibility to YCA treatment many years ... after the initial sentence. Not infrequently, as here, the sentencing judge will no longer be available. The task of recreating the conditions under which the first sentence was imposed holds the threat of more administrative burdens on a criminal justice

> system that is already overloaded. And surely those charged with the intensely important work of trying to save truly youthful offenders from blighted lives will not be aided by the prospect of the appearance among their charges of persons who have matured beyond the statutory age limits in a criminal environment.

*United States v. Brackett*, 567 F.2d 501. 505 (D.C.Cir.1977) (en banc), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58 (1978).

Oral Arg. 8, 16–18. The District Court would then be able, as a matter of discretion, to provide the requisite early unconditional discharge. 18 U.S.C. § 5021(b).

418 U.S. at 429–430 n.6, 94 S.Ct. at 3046 n.6. The district court is, of course, free to make a "no benefit" finding as well. *See Robinson, supra,* at 1110. In reaching its decision, the district court need not restrict itself to consideration of the facts at the time of the original sentencing. As the Ninth Circuit has pointed out in a virtually identical situation:

> The district court erroneously assumed that resentencing must be based solely upon the facts as they existed in 1963 to 1965, whereas it is a common practice in resentencing to take into consideration events and conduct occurring subsequent to the original sentence. The required pre-sentence report must be up-to-date. *United States v. Carmichael,* 152 U.S. App.D.C. 197, 469 F.2d 937, 939 (1972). And, a harsher sentence on resentencing must be justified by reference to conduct of the defendant occurring subsequent to the original sentencing. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2089, 23

L.Ed.2d 656 (1969). Upon resentencing, then, the sentencing court will be free to take into account the evidence marshalled by petitioner in support of his "rehabilitation", and to give it such weight as the court deems just.

*Rewak v. United States,* 512 F.2d 1184, 1186 (9th Cir. 1975). Puente's subsequent criminal activity is, therefore, a factor which may have some relevance. The district court may also wish to consider whether the expungement sought by petitioner will aid in his rehabilitation according to the purposes of the Act. If the court decides against resentencing under the Act, we stress that it must make a clear and explicit statement that it has considered the Act's provisions and petitioner's eligibility for treatment thereunder, for that is what *Dorszynski* requires. If the court has made such a clear and explicit statement, no further appellate review is warranted. *Dorszynski, supra* at 443. Accordingly, the judgment of the district court is reversed. We order that the writ of error coram nobis be granted pursuant to 28 U.S.C. § 1651(a),[2] and that the petitioner be resentenced.[3]

REVERSED and REMANDED.

---

**2.** The All Writs Statute gives power to issue the writ to "[t]he Supreme Court and all courts established by Act of Congress." In this appeal, the government has argued merely that the rule of *Dorszynski* has not been violated; it has not argued that even if it were violated, coram nobis would be an inappropriate remedy. Coram nobis is a writ of ancient common law origin, as is the related (and seldom used) writ of *coram vobis. See generally* 7 Moore's Federal Practice ¶ 60.14 (2d ed. 1979) (discussing English origins and incorporation into American jurisprudence). The writs have been abolished in federal civil practice, Fed.R.Civ.P. 60(b), but coram nobis is still available in criminal matters under the All Writs Statute, 28 U.S.C. § 1651(a). *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Puente brought this present petition as one for coram nobis under that statute, since relief under the federal habeas corpus remedy, 28 U.S.C. § 2255, would not have been possible given that Puente had completed his sentence. *Id.* The district court considered whether Puente could demonstrate the necessary adverse collateral consequences stemming from his sentencing as a felon, *see Cline v. United States,* 453 F.2d 873, 874 (5th Cir. 1972), and found that, among other things, Puente's status

as a felon prevented him from obtaining certain types of employment. We agree that Puente met the necessary requirement of showing adverse collateral consequences from his sentence. A further inquiry is whether the challenged error is one of sufficient magnitude to justify coram nobis relief. Coram nobis will lie to correct only errors "of the most fundamental character," that is, such as rendered the proceeding itself invalid. *United States v. Mayer,* 235 U.S. 55, 69, 35 S.Ct. 16, 19, 59 L.Ed. 129 (1914). In *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), the petitioner alleged he had been convicted in 1939 without knowledge of his right to counsel. The Supreme Court held that petitioner could request a writ of coram nobis on these facts, even though his sentence had already been served. "The scope of coram nobis review, however, does not encompass all errors in the original proceedings that may be discovered subsequent to judgment." *United States v. Dellinger,* 657 F.2d 140, 144 (7th Cir. 1981). However, we find this case strikingly similar to *Rewak v. United States,* 512 F.2d 1184 (9th Cir. 1975). In *Rewak,* the petitioner had also been sentenced as an adult offender without a spe-

cific "no-benefit" finding as required by *Dorszynski.* His term of probation had long since expired and he claimed difficulty in obtaining work either as a security guard or a nurse due to his record as a convicted felon. The question of retroactivity was not an issue because of a prior Ninth Circuit case, *United States v. Jarratt,* 471 F.2d 226 (9th Cir. 1972), *cert. denied,* 411 U.S. 969, 93 S.Ct. 2161, 36 L.Ed.2d 691 (1973), which already required a specific "no benefit" finding in the circumstances of the case. The district court in *Rewak* denied the writ of coram nobis, explaining that violation of the rule requiring the explicit statement of "no benefit" was not a "manifest injustice" properly cognizable under writ. On appeal, the Ninth Circuit reversed, stating that "[t]he extension of the rehabilitative goal of the [Youth Corrections] Act to those who have completed their sentences and petitioner's inability to obtain desired employment warrant issuance of a writ of error coram nobis in this case." 512 F.2d at 1187.

3. Puente raises two other claims on appeal which we do not consider. The first is that he was denied effective assistance of counsel because his counsel did not tell him that he had a right to appeal his sentence after the district judge failed to make an explicit "no benefit" finding. Even if Puente succeeded on this sixth amendment claim, the proper remedy would be to remand for resentencing. Since we already have granted Puente this remedy based upon a statutory ground, we do not reach the constitutional issue presented.

Puente's other claim seeks to attack not his sentence but the guilty plea itself. He argues that his plea was not knowing and voluntary because his counsel failed to tell him of the possibility of sentencing under the Youth Corrections Act. The district court's opinion does not mention this claim, and for a very simple reason: Puente's coram nobis petition filed in the district court did not raise the claim. In the original petition Puente did argue that his plea was not knowing and voluntary because of the ineffectiveness of his counsel, but the only instance of ineffectiveness alleged in the petition was the failure to advise him of the right to appeal his sentence. The district court thus did not have the opportunity to consider the new claim and determine if an evidentiary hearing was necessary. It is inappropriate for us to pass upon a claim the substance of which was not raised below. *Miller v. Turner,* 658 F.2d 348 (5th Cir. 1981); *United States v. Hill,* 622 F.2d 900 (5th Cir. 1980); *Stuckey v. Stynchcombe,* 614 F.2d 75 (5th Cir. 1980); *Mayberry v. Davis,* 608 F.2d 1070 (5th Cir. 1979); *Messelt v. Alabama,* 595 F.2d 247 (5th Cir. 1979); *Tifford v. Wainwright,* 592 F.2d 233 (5th Cir. 1979) (on motion for rehearing). Nor do we think any manifest injustice arises from our failure to consider the claim. *See Stuckey, supra* at 77; *Tifford, supra* at 234. Since we remand to the district court for resentencing, Puente is free to file a new petition in that court for coram nobis relief if he so desires; he may at that time raise specific grounds for attacking his guilty plea so that the district court may have an opportunity to pass upon them in the first instance.