**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ricky Ricardo BROWN, Defendant-Appellant.**

No. 83–8088.

United States Court of Appeals, Eleventh Circuit.

Jan. 23, 1984.

Before ANDERSON and CLARK, Circuit Judges, and DUMBAULD *, District Judge.

## PER CURIAM:

Ricky Ricardo Brown appeals his conviction of kidnapping in violation of 18 U.S.C. § 1201. The conviction arose from his 1977 hijacking of a bus. Brown, who had no previous criminal record, was distressed by the recent breakup of his marriage and had apparently been drinking heavily before he boarded the bus. At some point during the Spartanburg, South Carolina to Atlanta, Georgia bus trip, Brown approached the bus driver with a .38 caliber revolver and threatened to kill him if he did not continue to drive. Brown also threatened several of the passengers and fired one shot towards the restroom door in the rear of the bus. Somewhere near Roberta, Georgia, approximately four hours after approaching the bus driver, Brown decided to give himself up. Shortly thereafter, he surrendered to Georgia police.

Upon advice of counsel, Brown attempted to plead guilty at the arraignment. In refusing to accept the plea, the court found that Brown did not understand the significance of the plea and that there was a federal jurisdiction question since the location of the bus at the time of the hijacking had not been established. Brown subsequently waived his right to trial by jury, stipulated to all material facts except jurisdiction, and was found guilty by the court. Brown moved for sentencing under the Federal Youth Correction Act (FYCA), 18 U.S.C. § 5010.[1] After informing Brown of his right to appeal, the district judge raised the issue of whether the appellant should be sentenced under the FYCA. He dismissed that possibility in a few sentences, stating:

Albert M. Pearson, University of Ga. School of Law (Court Appointed), Athens, Ga., for defendant-appellant.

W. Louis Sands, Asst. U.S. Atty., Macon, Ga., for plaintiff-appellee.

---

\* Honorable Edward Dumbauld, U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

1. The FYCA is a comprehensive sentencing statute designed to provide flexibility and an increased opportunity for rehabilitation in the treatment of youthful offenders convicted in federal court. The Act affords a district judge two additional sentencing options when the convicted offender is under twenty-two years of age. The judge may commit the youth to the custody of the Attorney General for treatment under the Act pursuant to 18 U.S.C. §§ 5010(b) and (c), or the youth may be placed on probation as prescribed in 18 U.S.C. § 5010(a). Alternatively, the judge may reject sentencing under the Act if he finds that the youth will receive no benefit therefrom. 18 U.S.C. § 5010(d).

Of course Mr. Thompson very properly suggested that the Court consider sentencing you under the youth corrections act, but the youth corrections act, in the best judgment of the Court, was not intended for this type of offense. I don't think that you would benefit from being sentenced under it. I don't think it was intended for such offense. Therefore the Court is not going to sentence you under that act.

The court then sentenced Brown to life imprisonment, the maximum penalty for kidnapping.

Brown's attorney filed a notice of appeal but thereafter failed to pursue his client's case. As a result of subsequent proceedings under 28 U.S.C. § 2255, Brown was granted the right to file this untimely appeal. Brown contends that the district judge failed to exercise the judicial discretion mandated by the FYCA in determining that Brown would receive no benefit from sentencing under the Act and that he was denied effective assistance of counsel.

■ *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), answered the question of when a judge may sentence a youth offender outside of the FYCA.[2] Before a judge may impose a sentence outside the Act, he must make an express finding that the particular youth offender under consideration would not benefit from sentencing under the FYCA. 418 U.S. at 444–45, 94 S.Ct. at 3053, 41 L.Ed.2d at 869. The requirement that the judge make a no benefit finding, however, is not meant to limit the sentencing discretion of the judge.[3] 418 U.S. at 440–41, 94 S.Ct. at 3051, 41 L.Ed.2d at 866–67. Since the no benefit finding was not designed to circumscribe sentencing discretion, the judge is not required to give reasons when imposing a sentence outside the Act. *Walls v. United States,* 544 F.2d 236, 237 (5th Cir.1976).[4] A district judge's discretion under § 5010(d) remains "essentially the same as the traditional discretion vested in the court, for example, to impose the minimum sentence on a first offender or a larger sentence on a recidivist." *Id.* at 418 U.S. at 442, 94 S.Ct. at 3052, 41 L.Ed.2d at 868.

■ The FYCA was enacted to enlarge the sentencing options of the courts by providing judges with a form of alternative sentencing for youth offenders designed to prevent them from becoming repeat offenders and to encourage rehabilitation. *See generally Dorszynski,* 418 U.S. at 431–34, 94 S.Ct. at 3047–48, 41 L.Ed.2d at 861–63. It was in light of this important purpose that § 5010(d) required a judge to find no benefit before imposing a sentence other than one under § 5010(b) and (c).[5] *Id.* 418 U.S.

**2.** The Court was construing § 5010(d) of the FYCA which reads as follows:
> If the court shall find that the youth offender will not derive benefit from treatment under subsection (b) or (c), then the court may sentence the youth offender under any other applicable penalty provision.

**3.** According to *Dorszynski,* to read the requirement as a limit on sentencing discretion would be incompatible with the congressional intent "that the Act was intended to increase the sentencing option of federal trial judges, rather than to limit the exercise of their discretion whether to employ newly created options." In addition, such a construction of § 5010(d)'s requirement would be contrary to traditional sentencing doctrine which vests the sentencing function exclusively in the trial court. 418 U.S. at 441, 94 S.Ct. at 3051, 41 L.Ed.2d at 867.

**4.** The only reason to require that a judge give his reasons for not sentencing under the Act would be to facilitate appellate supervision of the sentencing process and thereby limiting the trial court's sentencing discretion. *Dorszynski,* 418 U.S. at 442, 94 S.Ct. at 3052, 41 L.Ed.2d at 868.

**5.** If the judge chooses to sentence under the FYCA, § 5010(b) and (c) are applicable sentencing provisions.
> (b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter; or
> (c) If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Division prior to the expiration of six years from the date of

at 442, 94 S.Ct. at 3052, 41 L.Ed.2d at 868. The no benefit finding was designed to insure that the judge exercised his discretion in choosing not to sentence a youth offender under the FYCA. By making such a finding, the judge would be indicating that he was aware of the Act and knew that by virtue of his age the youth offender before him was eligible for treatment under one of its provisions. *Id.*

▆ In declining to sentence the appellant under the FYCA, the district judge satisfied the technical requirement of *Dorszynski* that the sentencing judge make an express finding of no benefit. Using the correct words, however, does not foreclose appellate review. Limited review is available when sentencing discretion is not exercised at all. 418 U.S. at 442, 94 S.Ct. at 3052, 41 L.Ed.2d at 868. This court is entitled to carefully scrutinize the *judicial process* by which a particular punishment was determined. *United States v. Hartford,* 489 F.2d 652, 654 (5th Cir.1974) (emphasis in original).

▆ A review of the sentencing remarks of the court clearly indicates that in declining to sentence Brown under the FYCA, the judge failed to exercise his discretion. No mention is made of Brown or his record in the few sentences which comprise the judge's no benefit finding. Instead, he employed a per se rule that the FYCA was not intended to apply to the offense of kidnapping.

As this court emphasized in *United States v. Duran,* 687 F.2d 348, 353–54 (11th Cir. 1982), although the nature of the crime committed by the defendant can be considered, undue reliance on this factor can be an improper justification for a no benefit finding.

This is because when determining whether a youth may benefit from the Act, the focus of the inquiry should not be on the crime committed but rather on the individualized record of the defendant. The crime may be relevant to the extent that it reflects on the character of the defendant, but the sentencing emphasis must be on the individual.

687 F.2d at 353 (citations omitted). Individualization, fitting the punishment to the person as well as the crime, is particularly important when a youth offender is subject to sentencing. *Id.* A rigid sentencing policy based solely on the crime with which the defendant is charged is "under no reasonable conception an exercise of judicial discretion." *United States v. Hartford, supra,* 489 F.2d at 655.

It is our finding that the judge employed a per se rule in sentencing Brown which distinguishes the result reached here from that reached in *Duran.*[6] When the court concludes that the youth offender will not benefit from treatment under the FYCA, any statement of reasons given cannot, in the context of the court's consideration of the individual, rest *solely* upon the nature of the crime committed. As stated by the Court in *Dorszynski:*

> Literal compliance with the Act can be satisfied by any expression that makes clear the sentencing judge considered the alternative of sentencing under the Act and decided that *the youth offender* would not derive benefit from treatment under the Act.

418 U.S. at 444, 94 S.Ct. at 3053, 41 L.Ed.2d at 869 (emphasis added). By merely concluding that because of the nature of the crime Brown would not benefit from sentencing under the FYCA, the district court did not establish that he exercised his discretion. Consequently, it is impossible for

conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Division as provided in section 5017(d) of this chapter.

**6.** In *Duran,* the court found that the judge's remarks about the crime committed by the defendant did not constitute the sole basis for the no benefit finding. The court found that the judge was not using a per se rule and affirmed the sentence imposed outside the FYCA. 687 F.2d at 353–54.

us to determine whether he did in fact do so. If the court does not separate his mental processes in considering the defendant in the context of the FYCA from consideration of him in the context of assessing the terms of the sentence, it becomes difficult for an appellate court to review the requirement that the district court find that the youth offender will not benefit from treatment under the FYCA before sentencing him outside the Act.

■ The nature of the sentencing determination was improper because the judge applied a per se rule based upon the crime Brown committed and in doing so failed to consider whether Brown's individualized record entitled him to sentencing under the FYCA. We, therefore, vacate the sentence and remand for resentencing. In so holding, we follow the view of other circuits that the creation of a per se rule or single-factor sentencing constitutes a failure to exercise discretion. *See United States v. Sparrow,* 673 F.2d 862, 866 (5th Cir.1982) (court held the opinion that *anyone* nineteen years of age, no longer a juvenile since he can both vote and sit on a jury, would not be benefitted by the FYCA); *United States v. Menghi,* 641 F.2d 72, 76 (2d Cir. 1981) (court ruled that it would never sentence a youth offender pursuant to the FYCA); *United States v. Wardlaw,* 576 F.2d 932, 936–39 (1st Cir.1978) (court refused to sentence drug couriers under the FYCA solely to bring the dealers out into the open); and *United States v. Ingram,* 530 F.2d 602, 603 (4th Cir.1976) (court had a rigid sentencing policy not to sentence any defendant convicted of armed bank robbery under the FYCA), in which mechanically imposed sentences were vacated. Having determined that Brown is entitled to a resentencing, it is not necessary to reach the issue of ineffective assistance of counsel.

VACATED and REMANDED.

DUMBAULD, District Judge, concurring:

I join in remanding for resentencing because that will not result in undue expenditure of judicial time and the record on paper is not clear. Technically I think the majority is correct in its interpretation of the sentencing judge's language, but I am not absolutely certain that what the sentencing judge said did not mean merely that he regarded the heinous circumstances of the offense as evidence of such hardness of heart and depravity of character that the particular defendant would not benefit by the lenient treatment afforded by the Youth Correction Act and intended (like juvenile court procedure, though including a more extensive age bracket) for reclaiming and rehabilitating youthful offenders before their character and habits have already hardened into chronic antisocial behavior. The magnitude and enormity of the offense is an appropriate item for consideration. *U.S. v. Miller,* 589 F.2d 1117, 1139 (1st Cir.1978). See also *U.S. v. Nehas,* 368 F.Supp. 435, 440–42 (W.D.Pa.1973).