# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2021

Lyle W. Cayce
Clerk

No. 20-40515
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANPREET SINGH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-193

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

The district court denied Manpreet Singh's petition for writ of *coram nobis*. We affirm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40515

# I

In November 2017, a grand jury indicted Singh on two counts of bank fraud under 18 U.S.C. § 1344(2), accusing him of fraudulently inducing several banks to issue loans to companies he owned or controlled. In February 2018, Singh pled guilty to one of the counts in exchange for dismissing the other. In his plea agreement, Singh agreed not to contest the amount of restitution on the pled count and acknowledged that the government might seek restitution for the dismissed count. He also waived his right to appeal, reserving only the right to challenge any punishment beyond the statutory maximum and to pursue a claim of ineffective assistance of counsel.

Singh's presentence investigation report (PSR) ultimately recommended he pay $3,430,947.53 in restitution, reflecting the total loss suffered by the banks after Singh defaulted on the fraudulently induced loans. Singh initially objected to this amount but dropped his objection at sentencing. The court ordered Singh to pay the PSR-recommended amount in restitution. Singh subsequently appealed. *See United States v. Singh*, No. 18-40817 (5th Cir. Aug. 31, 2018). He did not challenge the restitution award but only several special conditions of his supervised release. We dismissed his appeal based on the appeal waiver in his plea agreement.

Singh then petitioned the district court for a writ of *coram nobis*. *See Puente v. United States*, 676 F.2d 141, 145 n.2 (5th Cir. 1982) (explaining *coram nobis* is a "writ of ancient common law origin . . . still available in criminal matters under the All Writs Statute" that permits an individual to challenge the "adverse collateral consequences" of a conviction "even though his sentence ha[s] already been served"). Singh's petition challenged only the restitution award, arguing a significant portion was a "windfall to successor banks who were not harmed by Singh's conduct." It also attacked his trial counsel for failing to adequately investigate the facts pertinent to restitution

2

No. 20-40515

and failing to object to the amount at sentencing. The district court denied Singh's petition and he appeals.

## II

"On appeal from a district court's denial of a petition for a writ of *coram nobis*, we review factual findings for clear error, questions of law *de novo*, and the district court's ultimate decision to deny the writ for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *cert. granted, judgment vacated on other grounds*, 559 U.S. 1046 (2010).

## III

We find no reversible error in the district court's denial of Singh's petition.

First, the court correctly noted that the Mandatory Victim's Restitution Act (MVRA), 18 U.S.C. § 3664(o), the statute that governs federal restitution, "'sharply limit[s] a district court's discretion" to modify restitutionary orders. *United States v. Singh*, No. 4:17-CR-193, 2020 WL 4192899, at *2 (E.D. Tex. July 20, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 607 (11th Cir. 2015)). The court explained that the MVRA permits "a downward adjustment to a restitution order" only by way of a motion made pursuant to Rule 35 of the Federal Rules of Criminal Procedure or after a successful direct appeal. *Id.* This conclusion is consistent with our precedents rejecting the possibility of collateral attacks on restitution awards. *See United States v. Parker*, 927 F.3d 374, 381 n.9 (5th Cir. 2019) (collecting authorities rejecting various collateral attacks on restitution orders, including via garnishment, *audita querela*, and an immigration law petition for review); *see also United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999) ("[R]estitution may not be addressed in § 2255 [habeas] proceedings.").

Second, as the court noted, Singh is currently incarcerated, and "it is well established that a writ of *coram nobis* is not available to a petitioner who is in custody." *Singh*,  2020 WL 4192899, at *3 (citing, *inter alia*, *Duckett v. Davis*, 800 F. App'x 289, 290 (5th Cir. 2020)); *see also Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) ("A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241."); *accord Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996) ("The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody . . . .").

AFFIRMED.