UNITED STATES of America,
Plaintiff-Appellee,

v.

Troy Mitchell LAGRONE,
Defendant-Appellant.

No. 83–8156
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 19, 1984.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

After entering a plea of guilty, Troy Mitchell Lagrone was sentenced to a term of seventeen and one-half years for unarmed bank robbery. 18 U.S.C.A. § 2113(a). He appeals the denial of his motion to vacate the sentence, in which he claimed (1) ineffective assistance of counsel; (2) failure of the trial court to comply with Fed.R.Crim.P. 11 in determining whether his guilty plea was voluntary; (3) failure of the trial court to comply with the requirement of the Federal Youth Corrections Act (FYCA), 18 U.S.C.A. § 5010(d), that the "no-benefit" finding required before a defendant under 22 years of age is sentenced as an adult be based on the individualized record of the defendant rather than on the nature of the offense committed; and (4) failure of the trial court to permit the defendant to speak about errors in the presentence report before he was sentenced. We affirm.

█ In cases where the files and records make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing. *United States v. Hughes,* 635 F.2d 449, 451 (5th Cir.1981). The record in this case indi-cates the district court did not abuse its discretion in refusing to hold an evidentiary hearing on any of Lagrone's claims.

Lagrone contends he was denied the effective assistance of counsel because his attorney (1) did not explain the charges to him or examine any lines of defense, (2) did not familiarize himself with the Youth Corrections Act, (3) did not allow the defendant to present witnesses to refute errors in the presentence investigation report, and (4) assured him that he would receive an eight-to-ten year sentence on his guilty plea.

█ When a defendant pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel. *Williams v. United States,* 443 F.2d 1151, 1153 (5th Cir.1971). Lagrone was initially indicted for bank robbery, kidnapping, and use of a firearm during a robbery. Two of these counts were dismissed after he pled guilty to bank robbery. Lagrone's attorney thus arranged a favorable plea bargain which was completely disclosed and reviewed at the sentencing hearing. The district court explicitly inquired about coercion, and was assured by the defendant that there had been none. The court allowed the defendant an opportunity to be heard in connection with the presentence report. No error was alleged. Defense counsel stated that he had gone over the indictment with the defendant. In defendant's subsequent motion to reduce the sentence, which preceded the motion here at issue, he mentioned neither coercion by his attorney, nor error in the presentence report. The record does not support defendant's claim that his guilty plea was involuntary because it was based upon his attorney's assurances regarding the length of the sentence. Because the court explicitly considered and rejected the option of sentencing defendant under the Youth Corrections Act, defendant cannot demonstrate prejudice to himself from any failure of the attorney to familiarize himself with the FYCA. Prejudice is required for habeas corpus relief based on ineffective assistance of counsel. *Schultz v. Wainwright,* 701 F.2d 900 (11th Cir.1983).

Defense counsel's failure to call certain witnesses is not sufficient grounds for a sixth amendment claim in this case. *United States v. Hughes,* 635 F.2d 449, 453 (5th Cir.1981).

■ A review of the record shows the claim that the trial court failed to comply with Fed.R.Crim.P. 11 to be without merit. The district court informed Lagrone of his rights and of the sentencing possibilities as required by Rule 11, and questioned him regarding the factual basis of the charge. The defendant testified that he entered the bank holding a .44 magnum pistol, and demanded money from the bank officials. After taking the money, he forced one of the female bank tellers to leave with him, eventually releasing her unharmed. This testimony provided a sufficient basis for the district court's acceptance of the defendant's guilty plea. The court questioned the defendant sufficiently to establish that the plea was voluntary and understood by the defendant.

The record does not support defendant's claim that he was not provided sufficient opportunity to object to the presentence report. Lagrone made a general plea for leniency with no reference to any deficiency in the presentence report, when he spoke to the court upon the court's invitation pursuant to Fed.R.Crim.P. 32. He did attempt without success to interrupt the judge later on in the proceeding, but there is no evidence to indicate that this was in reference to the report. The fact that he raised no objection on these grounds in his subsequent motion for reduction of the sentence supports the district court's denial of his motion without an evidentiary hearing on this claim.

■ Lagrone's final claim concerns the district court's decision not to sentence the defendant, who was 19 years old at the time of the robbery, under the Federal Youth Corrections Act (FYCA), 18 U.S.C.A. § 5010(d). The FYCA was intended to enlarge the sentencing options of federal trial courts by providing flexibility in the treatment of offenders under 22 years of age who are convicted in federal court. The Act developed from studies made by a committee of federal judges, and "the views of the sponsors ... uniformly support the view that the Act was intended to preserve the unfettered sentencing discretion of federal district judges." *Dorszynski v. United States,* 418 U.S. 424, 437, 94 S.Ct. 3042, 3050, 41 L.Ed.2d 855 (1974). Under the Act, the district judge may commit the defendant to the Attorney General for treatment, place him on probation, or reject sentencing under the Act if he finds that the youth will receive no benefit therefrom. Such a "no-benefit" finding must be express, but need not be supported by a statement of the judge's reasons. *Id.* at 425–26, 441, 94 S.Ct. at 3044–3045, 3051–3052. Limited review is available when sentencing discretion is not exercised at all, but "[o]nce it is made clear that the sentencing judge has considered the option of treatment under the Act and rejected it, ... no appellate review is warranted." *Id.* at 443, 94 S.Ct. at 3053.

■ In this case, the district court explicitly indicated an awareness of its option of sentencing under the FYCA, and expressly rejected that alternative. The court referred to its review of the presentence report and to the defendant's character before declaring that Lagrone would not benefit from sentencing under the Act. The court clearly exercised its discretion in the matter. This distinguishes this case from the recently-decided *United States v. Brown,* 723 F.2d 826 (11th Cir.1984), in which a panel of this Court held that the trial court failed to exercise its discretion in deciding whether to sentence a youth offender under the FYCA. In that case, "[n]o mention [was] made of Brown or his record in the few sentences which comprise the benefit finding. Instead, [the trial judge] employed a per se rule that the FYCA was not intended to apply to the offense of kidnapping." *Brown,* 723 F.2d at 829.

The district court did not err in denying the defendant's motion to vacate his sentence without holding an evidentiary hearing.

AFFIRMED.