UNITED STATES of America, Plaintiff-Appellee,

v.

Roy Mack WEST, a.k.a. Teeny Man, etc., Defendant-Appellant.

No. 95-6960.

United States Court of Appeals,

Eleventh Circuit.

Jan. 26, 2000.

Appeal from the United States District Court for the Northern District of Alabama (No. 95-00091-CR-AR-S); William M. Acker, Jr., Judge.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GODBOLD and RONEY, Senior Circuit Judges.[*]

PER CURIAM:

This case comes before us by order of the United States Supreme Court, which has vacated the judgment of this Court as to appellant Roy Mack West, and remanded the case for our reconsideration in light of *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985(1999). *See United States v. West,* 142 F.3d 1408 (11th Cir.1998), *vacated and remanded,* --- U.S. ----, 119 S.Ct. 2042, 144 L.Ed.2d 211 (1999). In *Richardson,* the Supreme Court held that "a jury in a federal criminal case brought under [21 U.S.C.] § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.' " 526 U.S. at ----, 119 S.Ct. at 1709.

West was convicted of both conducting a continuing criminal enterprise ("CCE")(Count 1) and being a member of the underlying drug conspiracy (Count 2). At sentencing, the court vacated Count 2 as a lesser included offense of the CCE conviction. *See United States v. Nixon,* 918 F.2d 895, 908 (11th Cir.1990) (when defendant convicted on both a CCE count and a conspiracy county, the Court will merge the two

---

[*]This decision is rendered by a quorum due to the retirement of then-Chief Judge Hatchett on May 14, 1999. *See,* 28 U.S.C. §46(d).

offenses by vacating the conviction of the lesser included conspiracy count). The government concedes that the jury instruction given was not in accord with the requirements of *Richardson* and that West's conviction on the CCE count cannot stand, *see also United States v. Riley,* No. 96-4653, 161 F.3d 20 (11th Cir.1998)(unpublished), and requests that this Court remand to the district court with instructions to reinstate the vacated drug conspiracy count and resentence West.

Accordingly, we vacate West's conviction for engaging in a continuing criminal enterprise. Since the conspiracy conviction under Count 2 was vacated only because it was a lesser included offense of the CCE conviction, and the CCE conviction no longer stands, we remand this case to the district court with instructions to reinstate West's conspiracy conviction under Count 2 and resentence him.

VACATED AND REMANDED.