[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14671
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:04-cr-20245-CMA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO FELIX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 15, 2011)

Before CARNES, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Julio Felix, a federal prisoner proceeding pro se, appeals the denial of his

motion for an evidentiary hearing in anticipation of a 28 U.S.C. § 2255 motion

that he has yet to file.[1]  We review a district court's denial of an evidentiary hearing only for an abuse of discretion.  Cf. United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984) (addressing the denial of a § 2255 motion without an evidentiary hearing).

Felix makes several arguments about why district court erred by not granting his motion for an evidentiary hearing, but all of his arguments go to the merits of a § 2255 motion he has yet to file and why that future motion should not be time-barred.  Those arguments are premature because Felix has not yet filed a § 2255 motion.  The district court need not hold a hearing on speculative issues that Felix may or may not raise in a future § 2255 motion, including whether his future motion would be time-barred.  Because nothing in the district court's order denying Felix's motion precludes him from filing a § 2255 motion in the future and arguing that it should not be time-barred, the district court did not abuse its discretion in denying his premature motion for an evidentiary hearing.

**AFFIRMED.**

---

[1] We do not address whether the district court abused its discretion in denying Felix's motion for appointment of counsel because he expressly abandoned that issue in his reply brief to this Court.