[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10774
Non-Argument Calendar
_____

D.C. Docket Nos. 6:11-cv-00385-MSS-GJK,
6:09-cr-00047-MSS-GJK-1

PATRICK CONNOLLY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 10, 2014)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Connolly, a federal prisoner proceeding *pro se*, appeals the district

court's denial of his 28 U.S.C. § 2255 motion to vacate his 360-month sentence,

imposed after he pled guilty to one count of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) and (e).  We granted a certificate of appealability ("COA") on the issue of whether Connolly received ineffective assistance of counsel when his trial counsel allegedly forced him to enter a guilty plea.  On appeal, Connolly argues that his attorney coerced him into pleading guilty by making "threats" that he would receive a life sentence and never see his wife and child again if he did not plead guilty.[1]

We review a district court's legal conclusions in a § 2255 proceeding *de novo* and its factual findings for clear error.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*.  *Gordon v. United States*, 518 F.3d 1291, 1296 (11th Cir. 2008).  *Pro se* pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

To prevail on a claim of ineffective assistance, a defendant must establish two things: (1) "counsel's performance was deficient," meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  To satisfy the deficient-performance

---

[1] Connolly also contends that the district court abused its discretion in summarily denying his claim of ineffective assistance of counsel without an evidentiary hearing, but we decline to reach that issue because it is outside the scope of the COA.  *See Murray v. United States,* 145 F.3d 1249, 1250-51 (11th Cir. 1998).

2

prong, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687, 104 S.Ct. at 2064. The defendant must rebut the strong presumption that his counsel's conduct fell within the range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. A defendant may satisfy the prejudice prong by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

The Supreme Court has determined that a defendant's representations at a plea hearing "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This is because "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74, 97 S.Ct. at 1629. We have concluded that "[w]hen a defendant pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).

3

Connolly's conclusory allegations of coercion by his attorney have failed to rebut the strong presumptions that his attorney's advice fell within the range of reasonable professional conduct and that Connolly's sworn statements in his plea agreement and at his change-of-plea hearing were true.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**