[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15207
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00238-VMC-CPT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN MICHAEL TSCHIRHART,
a.k.a. Jabberwockeysuperfly,
a.k.a. Ben Gerard,
a.k.a. Ben Ischehart,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 18, 2019)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Benjamin Tschirhart, a federal prisoner, pled guilty to having attempted to

entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  He

now appeals his sentence of 132 months' imprisonment and a lifetime of supervised release, an upward variance from the guideline term of 120 months. Tschirhart argues that his sentence was procedurally unreasonable because the District Court did not consider all of the 18 U.S.C. § 3553(a) factors and used a per se sentencing rule in imposing lifetime supervised release. He also argues that his sentence was substantively unreasonable because the District Court did not fully consider the § 3553(a) factors, creating an unwarranted disparity between his sentence and that of similarly situated defendants. Finally, he argues that he is entitled to a resentencing hearing before a different judge. We disagree and affirm Tschirhart's sentence.

## I.

We turn first to Tschirhart's argument that his sentence was procedurally unreasonable. If a party does not raise an argument of procedural reasonableness before the district court, we review only for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Reversal on grounds of plain error requires a showing "(1) that the district court erred; (2) that the error was 'plain'; and (3) that the error 'affect[ed the defendant's] substantial rights.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993)). Tschirhart acknowledges that he did not object on procedural reasonableness

grounds at his sentencing hearing, and therefore that plain error is the proper standard of review.

Procedural reasonableness refers to the process by which the district court arrives at a sentence, whereas substantive reasonableness scrutinizes the resulting sentence itself.  A district court's process of imposing a sentence will be considered unreasonable if the court "miscalculat[es] the advisory guideline range, treat[s] the Sentencing Guidelines as mandatory, fail[s] to consider the 18 U.S.C. § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).  Although the district court is required to consider the § 3553(a) factors, it is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  Instead, an acknowledgement by the district court that it considered the § 3553(a) factors is sufficient.  *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

In addition, it is procedurally unreasonable for a court to employ a per se rule in sentencing that fails to consider the individual circumstances of the case. *United States v. Brown*, 723 F.2d 826, 830 (11th Cir. 1984).  However, when a court considers the presentence investigation report and the defendant's character, and references its own discretion in choosing a sentence, it indicates that a per se

3

sentencing rule was not used. *See United States v. Lagrone*, 727 F.2d 1037, 1039 (11th Cir. 1984).

Here, Tschirhart's sentence is not procedurally unreasonable because the District Court explicitly stated that it considered all of the § 3553(a) factors. This was enough; the Court was not required to discuss each factor individually. *Turner*, 474 F.3d at 1281. Tschirhart argues that when the District Court stated that "there are two things [it] look[s] at" in child-enticement sentencing – "punishing the defendant" and "protecting the public" – it revealed its refusal to consider other § 3553(a) factors. This is too rigid an interpretation of the Court's statement. First, the Court expressly stated that it was considering *all* of the § 3553(a) factors – not just punishment and protection of the public. Second, it clearly *did* consider the other factors, given that it required Tschirhart to participate in addiction and mental health treatment, evaluated Tschirhart's character and history, referenced Tschirhart's guideline range, and multiple times alluded to the fairness and justness of the sentence to Tschirhart. The Court did not plainly err procedurally in considering the § 3553(a) factors; we find that it did consider each of the factors appropriately.

Tschirhart next argues that the Court admitted it was using a per se rule of sentencing for child-enticement defendants when the Court said that it "always put[s] individuals like this on lifetime of supervised release." In the very next

sentence, however, the Court acknowledges that it "think[s] maybe there was one [defendant] that [it] didn't [place on lifetime supervised release]," indicating that the Court was aware that it had the discretion not to do so. The Court's acknowledgement of its discretion, in tandem with its consideration of the individual circumstances of this case, indicates that it was not applying a per se sentencing rule when it sentenced Tschirhart to a lifetime of supervised release. The Court explained its belief that a lifetime of supervised release was important in this case based on the information in the presentence investigation report, including the "troubling" statements made by Tschirhart, and a need to protect the public, which demonstrates that the Court considered many relevant factors and did not simply apply an improper per se sentencing rule. *Lagrone*, 727 F.2d at 1039. The Court did not plainly err in the process of imposing this sentence.

## II.

We next turn to Tschirhart's challenge to the substantive reasonableness of his sentence. Tschirhart argues that his sentence was substantively unreasonable because the District Court did not fully consider the § 3553(a) factors and because it varied upward from Tschirhart's guideline sentencing range.

We review the reasonableness of a sentence under the deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). In reviewing a sentence for unreasonableness, we consider

5

whether the district court abused its discretion in concluding that the factors found in § 3553(a) support the sentence. *Id.*[1]  The weight given to any specific § 3553(a) factor is left to the district court's sound judgment. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  A district court abuses its discretion by (1) failing to consider relevant factors that were due significant weight; (2) giving an improper or irrelevant factor substantial weight; or (3) committing a clear error of judgment by balancing proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  In addition, the district court has wide discretion to decide whether the § 3553(a) factors justify a variance from the defendant's guideline sentencing range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).

Here, the Court did not abuse its discretion by imposing a slight upward variance from the guidelines range and statutory minimum.  Rather, the Court appropriately used its discretion by choosing to give increased weight to the factors of protecting the public and punishing the defendant in deciding that an upward variance was warranted. *Clay*, 483 F.3d at 743.  As previously discussed in Part I, *supra*, the District Court appropriately considered all of the § 3553(a) factors when

---

[1] Under § 3553(a)(2), the district court must impose a sentence that is sufficient, but not greater than necessary, to: (1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) deter criminal conduct, and (5) protect the public from the defendant's future criminal conduct.  The court must also consider the criminal history and characteristics of the defendant.  § 3553(a)(1).

6

deciding what sentence to impose.  The Court's slight upward variance from the statutory minimum was proportional to the concern that the Court had for protection of the public, particularly children, which is a recognized statutory factor that the Court is entitled to consider and weigh.  Even with the slight upward variance, the sentence was still well below the statutory maximum of life imprisonment, which is another indication of its reasonableness.  *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014).

Tschirhart argues that the District Court's imposition of an upward variance created a disparity between his sentence and sentences in other similar child-enticement cases, thus making his sentence unreasonable.  We have indicated that a defendant's arguments regarding unwarranted disparities in sentencing should be specific enough for the court to "gauge" whether the defendants are truly similarly situated.  *United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011).  Tschirhart has not satisfied this standard of specificity, as he fails to identify similarities between himself and the defendants beyond being convicted of the same offense.  *Id.* Moreover, the District Court stated that it was imposing an upward variance because this case was *dissimilar* from other child-enticement cases, given the "really troubling" statements Tschirhart made about children (including his own) and the compelling need to protect the public from his beliefs and actions.  The Court explained that it rarely varies upward from the guideline range, but that in

this case it concluded that an upward variance was warranted.  Therefore, any

disparity between Tschirhart's sentence and the sentences of other child-

enticement defendants does not strike us as unreasonable, and Tschirhart has not

met his burden of showing that the District Court imposed a sentence that "truly is

unreasonable." *Irey*, 612 F.3d at 1191.

### III.

Finally, because we conclude that Tschirhart's sentence was reasonable, we

need not consider his argument that the case should be assigned to a different

District Court judge for resentencing.  In sum, we find no error in the District

Court's imposition of sentence and affirm.

**AFFIRMED.**