*United States v. Montague*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand twenty-four.

PRESENT: Dennis Jacobs,
Joseph F. Bianco,
Steven J. Menashi,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

    v.                                           No. 18-2975

COLIN MONTAGUE,

      *Defendant-Appellant,*

CHARLTON OSBOURNE, ANTOINE SHANNON, COLLIN THOMAS, CLIVE HAMILTON, ALYSSA SPRAGUE, JARA JENKINS CARMICHAEL, RACHEL VAIL,

DAVID CAESAR, SHELDON PALMER, JERMAINE SWABY, MICHAEL MOSGROVE, LOU PERRY SLAUGHTER, AKIL LAZARUS, CLUETH BURTON, MONTAGUE ENTERPRISES, INC.,

     *Defendants*.

_____

| | |
|---|---|
| *For Appellee*: | Tiffany H. Lee, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |
| *For Defendant-Appellant*: | Michael B. Kimberley, McDermott Will & Emery LLP, Washington, DC. Michael Jos. Witmer, Law Office of Michael Jos. Witmer, Rochester, NY. |

On appeal from the United States District Court for the Western District of New York (Geraci, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **VACATED** with respect to the defendant's conviction for continuing criminal enterprise, 21 U.S.C. § 848, and the case is **REMANDED** with instructions to reinstate the conviction for narcotics conspiracy, 21 U.S.C. § 846, and to resentence the defendant accordingly.

Defendant-Appellant Colin Montague was charged in a nine-count indictment with (1) one count of continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848, (2) one count of narcotics conspiracy in violation of 21 U.S.C. § 846, (3) one count of money laundering conspiracy in violation of

18 U.S.C. § 1956(h), and (4) six counts of substantive money laundering offenses in violation of 18 U.S.C. § 1957(a). The jury found Montague guilty of all nine counts. At sentencing, the district court dismissed the count of narcotics conspiracy on the ground that it was a lesser included offense of the CCE count.

On appeal, Montague raised several challenges to his convictions including that the CCE conviction could not stand because the indictment did not sufficiently allege the predicate violations reflecting the "continuing series of violations" necessary to establish a CCE. 21 U.S.C. § 848(c)(2). We affirmed the judgment, holding that the indictment was sufficient under this circuit's precedents and that Montague's other arguments lacked merit. *See United States v. Montague*, 67 F.4th 520 (2d Cir. 2023), *cert. granted, judgment vacated*, 144 S. Ct. 2654 (2024).

Montague then sought certiorari from the Supreme Court. In its brief in opposition to certiorari, the government agreed with Montague that the indictment did not sufficiently allege the predicate violations necessary to establish a CCE offense. The Supreme Court granted certiorari, vacated this court's judgment, and remanded "for further consideration in light of the confession of error by the Solicitor General." *Montague*, 144 S. Ct. at 2654. We ordered the parties to submit additional briefing to address whether the government's confession of error entitles Montague to relief on remand.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

Montague argues that we should vacate the CCE conviction because the failure of the indictment to sufficiently allege three predicate violations was a per se prejudicial violation of the Grand Jury Clause of the U.S. Constitution. The government argues that we should affirm the CCE conviction because, given the extensive evidence of guilt presented at trial, the deficiency in the indictment was harmless beyond a reasonable doubt.

We have recognized that some indictment errors are per se prejudicial while others are amenable to harmless error review. A constructive amendment of an indictment—which occurs when "the terms of the indictment were effectively modified by the presentation of evidence or by actions of the court so that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment"—is per se prejudicial. *United States v. Thomas*, 274 F.3d 655, 670 (2d Cir. 2001) (internal quotation marks omitted). A variance of the indictment—which "occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment"—requires a defendant to demonstrate prejudice to be entitled to reversal. *United States v. Rigas*, 490 F.3d 208, 225-26 (2d Cir. 2007) (quoting *United States v. Salmonese*, 352 F.3d 608, 621 (2d Cir. 2003). We have also held that "an indictment's failure to allege an element … may be a harmless error if the concerns as to fair notice and double-jeopardy protection are otherwise satisfied." *United States v. Lee*, 833 F.3d 56, 70 (2d Cir. 2016).

Montague argues that the error in this case constituted a constructive amendment and was per se prejudicial. We need not decide whether the error was per se prejudicial, however, because we cannot conclude on this record that there was no prejudice. Although the evidence of guilt was extensive, the indictment did not give Montague notice of specific predicate acts to be proven, which limited his ability to mount an effective defense. *See United States v. D'Amelio*, 683 F.3d 412, 417 (2d Cir. 2012) (noting that an indictment must "fairly inform[] a defendant of the charge against which he must defend") (quoting *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007)). For this reason, we vacate Montague's CCE conviction.[1]

---

[1] We affirm the judgment of conviction with respect to Montague's other offenses for the reasons articulated in our earlier opinion. *See Montague*, 67 F.4th at 538-40.

## II

The district court dismissed the count of narcotics conspiracy on the ground that it was a lesser included offense of the CCE conviction. Because we vacate Montague's CCE conviction, we remand this case to the district court with instructions to reinstate the count of narcotics conspiracy and to resentence Montague accordingly. *See Rutledge v. United States*, 517 U.S. 292, 306 (1996) ("[F]ederal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense. This Court has noted the use of such a practice with approval.") (citations omitted); *see also United States v. West*, 201 F.3d 1312 (11th Cir. 2000) ("[W]e vacate West's conviction for engaging in a continuing criminal enterprise. Since the conspiracy conviction under Count 2 was vacated only because it was a lesser included offense of the CCE conviction, and the CCE conviction no longer stands, we remand this case to the district court with instructions to reinstate West's conspiracy conviction under Count 2 and resentence him.").

We note that the advisory guidelines range applicable to Montague remains life imprisonment, but a life sentence is not mandatory and the determination of the appropriate sentence is for the district court on remand. *See Kaziu v. United States*, 108 F.4th 86, 91-92 (2d Cir. 2024) (noting that "following the vacatur of a conviction, courts [are] required to conduct de novo resentencing" unless "the defendant has already received, as his or her sentence on an upheld count of conviction, a mandatory minimum sentence") (internal quotation marks omitted).

\*   \*   \*

For the foregoing reasons, we vacate the judgment of conviction with respect to Montague's conviction for continuing criminal enterprise, 21 U.S.C. § 848, and remand the case to the district court with instructions to reinstate the count of narcotics conspiracy, 21 U.S.C. § 846, and to resentence Montague accordingly.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court